866 P.2d 1356

**Rosa MARTINEZ, individually and as Guardian and Conservator of the Estate of Arthur Martinez, an incapacitated person, Plaintiff/Appellant,**

**v.**

**STATE of Arizona, a body politic; Greenlee County, a body politic, and Patrick D. McWhinney, Defendants/Appellees.**

No. 2 CA–CV 93–0003.

Court of Appeals of Arizona, Division 2, Department A.

May 11, 1993.

Reconsideration Denied June 15, 1993.

Review Denied Jan. 19, 1994.

Roush, McCracken & Guerrero by Frank X. Gordon, Jr. and Charles D. Roush, Phoenix, for plaintiff/appellant.

Mitten, Goodwin & Raup by Donald F. Froeb, Brian Michael Goodwin and Martin P. Clare, Phoenix, for defendant/appellee Greenlee County.

Grant Woods, Atty. Gen. by Terrence E. Harrison, Phoenix, for defendant/appellee State of Ariz.

## OPINION

LIVERMORE, Chief Judge.

For many years defendant Greenlee County maintained a county road providing access to an area twenty-two miles north of Clifton containing a county park, the Clifton water pumping station, and several ranches and residences. A portion of the county road was washed out in 1983. In order to get around the washout it was necessary to cross private property on a dirt road ("the Potter Road") constructed some twenty years before to provide access to a highway construction project. The Potter Road was roughly one-quarter mile in length and connected the county road to a six-mile stretch of state road (proposed 666) that had been constructed as part of a Duncan–Alpine highway. Although the highway project had been abandoned some years ago, the state nonetheless maintained this six-mile roadbed it had created. Since 1983, therefore, those seeking to get to this northern portion of the county had to use Potter Road and at least a part of proposed 666.

The accident in this case occurred in 1988 when a group of men were returning in a truck from a party. They were going south on proposed 666 and then onto Potter Road. Approximately 700 feet down Potter Road, the driver of the truck failed to negotiate a turn and left the road. Plaintiff, a passenger in the bed of the truck, was severely injured. Suit was brought against, among others, Greenlee County and the State. The State prevailed by way of summary judgment. The County successfully moved for a directed verdict at the close of the plaintiff's case. This appeal questions both rulings. We reverse.

■ Both the County and the State owe a duty to those using their roads to keep them reasonably safe for travel. *Dunham v. Pima County,* 161 Ariz. 304, 778 P.2d 1200 (1989); *Coburn v. City of Tucson,* 143 Ariz. 50, 691 P.2d 1078 (1984). In this case each governmental entity disclaims any duty on

the ground that the Potter Road was the responsibility of neither of them. We view that claim by the County as wrong. Indeed, the County engineer testified that he believed there was a legal duty under A.R.S. § 28–1908 for the county to provide access across the Potter Road. Whether or not that is true, and recognizing that the land on which the road was located was owned by the Potter family, we believe the record clearly demonstrates that over a period of years the county maintained the Potter Road by grading it so as to permit its use by county residents to bypass the washed out area of the preexisting road. Having assumed a duty to keep this road passable for county residents, the County assumed the additional duty to make that road reasonably safe for travel. See *Olsen v. Mading,* 45 Ariz. 423, 45 P.2d 23 (1935); *Papastathis v. Beall,* 150 Ariz. 279, 723 P.2d 97 (App.1986). There being evidence of breach of that duty by failure to warn drivers of a dangerous curve, the trial judge erred in directing a verdict in favor of the County.[1]

■ The State's argument is initially more attractive. The actual state road, proposed 666, is so far as this record discloses safe for travel. The dangerous curve is 700 feet south of the end of the state road. How then, it is argued, can it be said that the State has failed to maintain its road in a reasonably safe condition? Plaintiff answers that part of maintaining a safe road is advising drivers on it when danger lies ahead and that the duty to warn of forthcoming danger embraces not only danger on the state road but danger on immediately leaving the state road. We are persuaded that a jury could conclude that the failure to warn was a breach of duty. Few would dispute that if the state road ended in a precipice, the State would have an obligation to warn. *City of Phoenix v. Mayfield,* 41 Ariz. 537, 20 P.2d 296 (1933). Whether maintaining a reasonably safe state highway would require, as plaintiff's expert contended, that drivers be

---

1. We deal summarily with the County's objections to this analysis. That fee title was in the Potter family is irrelevant. A county cannot escape its duty to maintain its roads as safe by trespassing in creating its roads. Nor can the

County maintain that it had no notice of the dangerous nature of the curve on the road its employees maintained. The County's arguments concerning causation are jury questions.

warned that the next quarter mile of road was less well maintained, contained dangerous curves, and required lower speeds presents a jury question, not one to be resolved by summary judgment. See *Bach v. State,* 152 Ariz. 145, 730 P.2d 854 (App.1986).

Reversed.

LACAGNINA, P.J., and ESPINOSA, J., concur.