943 P.2d 789

José SANCHEZ, a minor child, by and through his guardian ad litem, Craig GORDON; Teresa E. Barocio; Daniel Sanchez, Plaintiffs/Appellants,

v.

The CITY OF TUCSON, a political entity, Defendant/Appellee.

No. 2 CA–CV 96–0077.

Court of Appeals of Arizona, Division Two, Department B.

Jan. 31, 1997.

Review Granted Sept. 16, 1997.*

* Feldman, J., did not participate in the determination of this matter.

Miller, Pitt & McAnally by Thomas G. Cotter, Tucson, for Plaintiff/Appellant José Sanchez.

Lopez, Bevans & Pérez–Medrano, P.C. by Juan Pérez–Medrano, Tucson, for Plaintiffs/Appellants Teresa Barocio and Daniel Sanchez.

Gabroy, Rollman & Bossé, P.C. by Richard M. Rollman and Richard A. Brown, Tucson, for Defendant/Appellee City of Tucson.

*OPINION*

ESPINOSA, Presiding Judge.

Appellants Teresa Barocio and her 18–month–old child, José Sanchez, were seriously injured after being hit by a pickup truck at night while crossing an intersection on West Ajo Way. In their complaint against appellee City of Tucson and others, they alleged that the city had negligently constructed, maintained, and lit the intersection. The trial court granted the city summary judgment, and this appeal followed. We affirm.

In its motion for summary judgment, the city argued that it owed no duty to appellants because Ajo Way is a state highway over which the city exercised no control. It also argued that its decisions on illumination of roadways within the city limits enjoy governmental immunity under A.R.S. § 12–820.01. On appeal, appellants contend that, pursuant to intergovernmental agreements (IGAs) whereby the city provides maintenance and other services on state-controlled highways within city limits, the city exercised joint control with the state over the installation of traffic signals and other safety features on Ajo Way and is therefore liable at common law for maintaining an unreasonably dangerous road. In addition, they argue that the city is not immune under § 12–820.01 for negligent traffic engineering, and their common law action may not be abrogated by the legislature.

A negligence action requires a showing that the defendant owed the plaintiff a duty of care. *Bell v. Smitty's Super Valu, Inc.*, 183 Ariz. 66, 900 P.2d 15 (App.1995). Whether a defendant owes a duty is a question of law. *Robertson v. Sixpence Inns of America, Inc.*, 163 Ariz. 539, 789 P.2d 1040 (1990). When reviewing a grant of summary judgment on undisputed facts, our role is to determine whether the trial court correctly applied the substantive law to the facts.[1] *St. Luke's Health System v. State*, 180 Ariz. 373, 884 P.2d 259 (App.1994).

Exclusive Control and Jurisdiction

Appellants do not dispute that Ajo Way is designated a state highway and that the city had no part in its planning, design or construction. Nor can it be disputed that A.R.S. §§ 28–104(A) and (B) and 28–108(A)(19) expressly vest in the Arizona Department of Transportation (ADOT) "complete and exclusive operational control and jurisdiction" over state routes and the installation of all improvements thereto. Appellants contend, however, that IGAs between the city and state providing for routine maintenance of roadway surfaces and traffic sig-

---

1. Although appellants' counsel disagreed at oral argument that the facts are undisputed, he could identify no issues of fact, only arguing that the inferences from the facts were in dispute. While summary judgment is inappropriate if the trial court must choose between conflicting inferences, *Shaw v. Petersen*, 169 Ariz. 559, 821 P.2d 220 (App.1991), we find insufficient support in the record for appellants' inference that the city exercised joint control over traffic signal decisions or installations on the highway. *See Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990).

nal operation conferred upon the city "joint authority" over the installation of improvements. The laws of this state say otherwise. Although ADOT is authorized to enter into IGAs with cities for maintenance or the joint improvement of state highways, § 28–108(A)(18), the existence of such agreements does not impose a duty on the city for improvements outside the scope of the agreements.[2] *Harlan v. City of Tucson*, 82 Ariz. 111, 309 P.2d 244 (1957). While the IGAs created specific duties as defined by their scope and terms, they do not subject the city to a broad common law duty of reasonable care as to all aspects of traffic control on state highways, nor do they render the determination of duty a question of fact for a jury to resolve.

In *Harlan*, after noting the city's agreements with the state to participate in the construction of traffic signals and to provide all required maintenance at the site of a subsequent accident on a state route, our supreme court found no liability on the part of the city. The court quoted Arizona's statutes that place " 'complete and exclusive control and jurisdiction of the state highways' " in the state highway department, the same language retained in our current statutes,[3] and concluded, "There being no jurisdiction or control in the city over the intersection involved, it follows there could be no duty, and without a duty in the matter there can be no actionable negligence." 82 Ariz. at 116–17, 309 P.2d at 248–49. Appellants urge us to discount *Harlan*, distinguishing its facts and pointing to an intervening change in the statutory language. We see no differences, however, in either the statutory scheme or the factual setting of *Harlan* that would make its ruling inapplicable here.

### Assumption of Duty

■ Appellants alternatively argue that "even if *Harlan* remains good law," summary judgment was nevertheless improper because the trier of fact could find that the city, by its agreement under the IGA "to maintain the surface of Ajo Way," had assumed the duty to make the road safe, citing *Martinez v. State*, 177 Ariz. 270, 866 P.2d 1356 (App. 1993). In that case, we found that the county had assumed a duty to users of a private road because it had voluntarily undertaken to maintain the road over a period of years and thereby enabled county travelers to avoid a washed out area of the nearby county road. Unlike the roadway in *Martinez*, however, authority over Ajo Way is expressly vested by statute in the state. Indeed, the city is specifically prohibited from assuming control over the installation of traffic signals and other traffic controls without written authorization from the director of ADOT. A.R.S. § 28–627(B).

■ Appellants also argue that because the city "has taken various actions" in response to complaints about Ajo Way for 20 years, "[t]hese actions, by themselves, would permit the trier of fact to conclude that the City had assumed a duty with respect to this stretch of road." We disagree. The city's actions consisted of participating in discussions with members of the community and elected officials,[4] passing along complaints to

---

2. Pursuant to the pertinent IGA between the state and the city, the city was responsible only for routine maintenance (including sweeping, cleaning, and minor repairs) of roadway surfaces, sidewalks, curbs, medians, and catch basins; maintenance of median landscaping (including water); removal of sand, rock, and other debris caused by slides and other unusual causes; lane, crosswalk, and parking striping (after initial installation); and routine maintenance of street name, parking, and traffic control signs and markings.

The IGA further provides that the state is responsible for the "construction of betterments" and that "[e]lectrical devices, including ... traffic signals and intersection lighting, will be covered by separate agreement."

Under another IGA, the city has agreed to provide electricity to operate and synchronize traffic signals and to maintain the signals once the state has installed them at more than 50 listed intersections not including the intersection involved here. Although the list of intersections covered by the IGA may be supplemented by "Letter Addendum," there is no evidence in the record the subject intersection has ever been added to the IGA.

3. A.R.S. §§ 28–104(A) and 28–108(A)(19).

4. Pursuant to appellants' request at oral argument, we have reviewed the videotape in the record but observed only city councilman Wheeler listening to constituent complaints and discussing plans and procedures for procuring a

state officials, cooperating with the state in conducting traffic studies, attempting to compel a developer to provide funds for installing a traffic signal, synchronizing traffic lights, and "jointly" reaching a decision with the state to install the needed signal in 1995. Nothing in the record or the law indicates the state needed or was waiting for city approval to install traffic signals at this intersection. Nor do any facts suggest the city's actions in any way increased the safety risk or misled the public about its responsibility for improvements. *See* W. Page Keeton, et. al., *Prosser & Keeton on the Law of Torts,* § 56 (5th ed. 1984); *cf. Martinez* (increased risk due to county's grading of private road without warning of dangerous curve). Absent such factors, it would be incongruous to allow a trier of fact to decide whether the city had a duty to do that which the law specifically prohibits it from doing.

Additionally, public policy favors this result because it encourages rather than discourages discourse and cooperation between governmental entities and the public. To adopt appellants' position would result in a detrimental chilling effect on such discourse because a governing body would expose itself to potential liability merely by participating in discussions with the community and cooperating with the state, contrary to the public interest in improving highway safety.

## Governmental Immunity

■ Appellants next contend that § 12–820.01 does not provide immunity to the city for "negligent traffic engineering" on Ajo Way. This argument is beside the point because the city has never claimed immunity for not installing traffic signals in this case, but rather asserted it had no duty. As noted above, the installation of traffic controls on a state highway is vested exclusively in the state, absent an IGA specifically providing otherwise. Both parties implicitly agree, however, that the city assumed the duty to illuminate the roadway, based on the Comprehensive Roadway Illumination Program (CIP) adopted by the mayor and city council

in 1978. Therefore, to the extent appellants claim the city negligently failed to illuminate Ajo Way, we must determine whether the city is shielded by § 12–820.01.

The question of statutory immunity is one of law which we review *de novo, Fidelity Security Life Ins. Co. v. State,* 188 Ariz. 283, 935 P.2d 861 (Ct.App.1996), and on an *ad hoc* basis. *Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982). A governmental entity is absolutely immune from liability for any "considered decision" it makes in "[t]he exercise of an administrative function involving the determination of fundamental governmental policy." § 12–820.01(A); *Goss v. City of Globe,* 180 Ariz. 229, 231, 883 P.2d 466, 468 (App.1994). Government policy is fundamental if it involves "the exercise of discretion" in determining whether to provide resources for, among other things, "construction or maintenance of facilities." § 12–820.01(B) and (B)(1)(b).

The CIP was adopted by the mayor and city council in order to prioritize lighting improvement projects within the city. It involved a comprehensive analysis of lighting policies, public safety, energy use, maintenance, astronomy impact, and funding, and it established a schedule for lighting installations and upgrades. Ajo Way was scheduled for Phase III of the project, which only received funding by special bond election the year after the accident. Adoption of the CIP required discretionary decisions regarding when, where, and how to spend the city's limited financial resources for initial installation of major roadway improvements. This clearly represents the kind of fundamental governmental policy making shielded by § 12–820.01, rather than "low level negligence such as failing to erect a sign," as asserted by appellants. *See Schabel v. Deer Valley Unified School District No. 97,* 186 Ariz. 161, 920 P.2d 41 (App.1996) (distinguishing policy-making decisions from operational level decisions); *Evenstad v. State,* 178 Ariz. 578, 875 P.2d 811 (App.1993).

traffic signal, two years after the accident at issue here. We fail to see how this could broad-

en the city's legal duty to encompass erecting such signals.

Abrogation of Common Law Claim

Finally, we address appellants' argument that common law actions for damages may not be abrogated by the legislature in violation of the anti-abrogation clause of the Arizona Constitution.[5] While common law damage remedies are protected by the constitution, *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 872 P.2d 668 (1994), neither the statutes establishing ADOT's exclusive jurisdiction and providing immunity for the city's policy decisions nor the reasoning of *Harlan* operates to abrogate appellants' cause of action in this case. The legislative scheme merely identifies the state as the entity which owed a duty to make Ajo Way reasonably safe.[6] *See Harlan*, 82 Ariz. at 119, 309 P.2d at 250 ("[O]ur legislature in enacting [laws governing state highways] felt the duty to the traveling public could best be served ... by placing exclusive control in one agency, the state highway department, rather than having a dual control within city limits."); *Evenstad*, 178 Ariz. at 586, 875 P.2d at 819 ("A.R.S. section 12–820.01 does not abrogate anything; it simply codifies the 'obvious' immunities expressly recognized in *Ryan*.").

The grant of summary judgment in favor of the city is affirmed.

HATHAWAY and PELANDER, JJ., concur.

---

5. Ariz. Const. art. 18, § 6, provides:
   The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.

6. The state's motion for summary judgment was accordingly denied, and appellants had a cause of action against the state remaining to them, which they prosecuted to settlement.