5 P.2d 900

**Russell McDONALD and Donna McDonald, husband and wife, Plaintiffs–Appellants,**

**State of Arizona, Defendant–Appellant,**

**v.**

**CITY OF PRESCOTT, a political subdivision of the State of Arizona, Defendant–Appellee.**

No. 1 CA–CV 99–0128.

Court of Appeals of Arizona, Division 1, Department E.

March 14, 2000.

Review Denied Sept. 26, 2000.

Law Office of G. Lynn Shumway by G. Lynn Shumway, Scottsdale, Attorneys for Plaintiffs–Appellants McDonald.

Janet Napolitano, Attorney General by Deborah J. Spinner, Assistant Attorney General, Phoenix, Attorneys for Defendant–Appellant State of Arizona.

City of Prescott Legal Department by Tina R. Ainley, Ralph M. Hess, Prescott, Attorneys for Defendant–Appellee City of Prescott.

## OPINION

WEISBERG, Presiding Judge.

¶ 1 Plaintiffs Russell and Donna McDonald (the "McDonalds") and Defendant State of Arizona ("Arizona") appeal from the trial court's dismissal of plaintiffs' negligence claim against Defendant City of Prescott ("Prescott"). For the following reasons, we reverse the dismissal and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Russell McDonald was injured when he struck a "piece of metal"[1] in the roadway while riding his motorcycle on State Route 69 in Prescott. He alleged that the defendants' negligent failure to maintain the roadway in a safe condition caused his accident and injuries. Prescott moved to dismiss the claims against it on the grounds that it had no legal duty to the McDonalds. Specifically, Prescott asserted that, pursuant to Arizona Revised Statutes Annotated ("A.R.S.") sections 28–332(A) and 28–7043(D), Arizona had the

---

1. The "piece of metal" was a license plate and its frame, which had fallen from a boat trailer.

exclusive responsibility to maintain State Route 69 in a safe condition.

¶ 3 The trial court granted the motion to dismiss and entered judgment for Prescott. The McDonalds and Arizona timely appealed. This court has jurisdiction pursuant to A.R.S. section 12–2101(B).

## ISSUES

¶ 4 On appeal we are asked to decide the following questions:

1. Whether, by virtue of its conduct, Prescott assumed a duty to maintain Route 69?

2. Whether the McDonalds stated a cognizable claim based on Prescott police officers' alleged failure to correct or report the hazardous road condition that caused the McDonalds' injuries?

## DISCUSSION

¶ 5 Because this appeal involves a question of law (whether a legal duty existed) decided by the trial court, our review is *de novo. See Beach v. City of Phoenix,* 136 Ariz. 601, 604, 667 P.2d 1316, 1319 (1983); *Aldabbagh v. Dept. of Liquor Licenses and Control,* 162 Ariz. 415, 418, 783 P.2d 1207, 1210 (App.1989). In reviewing a trial court's dismissal of a claim, we accept the allegations in the complaint as true and resolve all reasonable inferences in favor of the plaintiffs. *See Wallace v. Casa Grande Union High School Dist. No. 82,* 184 Ariz. 419, 424, 909 P.2d 486, 491 (App.1995).

### Did Prescott Assume a Duty to Maintain Route 69?

¶ 6 A.R.S. section 28–332(A) provides that the "exclusive control and jurisdiction over state highways [and] state routes ... are vested in the [Arizona] department of transportation." A.R.S. section 28–7043(D) states, in relevant part, that if "part of a state route is designated and accepted by the transportation board as a state highway, the department shall maintain the highway."

¶ 7 The parties agree that, given the above statutes, the Arizona Department of Trans-

portation has exclusive statutory control over, and responsibility for, maintaining State Route 69 in a safe condition. The parties also agree that Arizona and Prescott did not have an intergovernmental agreement that might have subjected Prescott to liability for negligent maintenance. *See Sanchez v. City of Tucson,* 191 Ariz. 128, 953 P.2d 168 (1998). Therefore, the issue we must resolve is whether a city assumes responsibility for maintaining—and liability for failing to maintain—a portion of a state route when its police officers routinely patrol that portion of the state route.[2]

¶ 8 The statutes give the state *"exclusive* control and jurisdiction" over state highways and routes. A.R.S. § 28–332(A) (emphasis added). However, under *Sanchez,* a city can be held liable to the general public for negligence in maintaining a state highway if the plaintiff can prove that the city actually exercised control over the highway. *See* 191 Ariz. at 132–33 ¶ 22, 953 P.2d at 172–73. Therefore, an allegation that Prescott exercised control over Route 69 would defeat a motion to dismiss for lack of duty.

¶ 9 Here, however, the McDonalds alleged that Prescott police officers patrolled Route 69; they did not allege that Prescott performed any maintenance or improvements upon the roads. This case is thereby distinguishable from the two cases upon which appellants rely—*Sanchez* and *Martinez v. State,* 177 Ariz. 270, 866 P.2d 1356 (App. 1993). In both of those cases, the plaintiffs alleged that the defendants had performed some road maintenance or improvement functions.

¶ 10 In *Sanchez,* the supreme court found that the City of Tucson's actual conduct in maintaining a state route—irrespective of an intergovernmental agreement—was relevant in determining whether the city exercised control over the roadway. *See* 191 Ariz. at 132–33 ¶ 22, 953 P.2d at 172–73. The conduct there was partially premised upon an intergovernmental agreement, but also included memoranda by city personnel which reflected the city's assumption that it had control, or at least joint control, over a par-

2. Appellants do not allege that Prescott actually performed road maintenance on Route 69.

ticular intersection and over the plans to erect a traffic light there.

¶ 11 In *Martinez*, the subject road was a dirt road over private land that connected a county road to a state road. For years, the defendant county had maintained the dirt road by grading it. *See* 177 Ariz. at 271, 866 P.2d at 1357. On that basis, this court held that the county had "assumed a duty to keep this road passable for county residents" and had "assumed the additional duty to make that road reasonably safe for travel." *Id.*

¶ 12 But the McDonalds do not cite, nor can we find, a case in which *patrolling* a highway has given rise to a duty to *maintain* the highway in a safe condition. Clearly, a city police officer's responsibilities in patrolling state routes within the city's boundaries do not include such things as grading road surfaces, making structural repairs, erecting traffic signs, repaving, or otherwise ensuring the physical integrity of the highways. Such activities are the province of transportation personnel. Furthermore, the complaint did not allege either a history of road maintenance or the assumption of responsibility for maintenance by Prescott. Accordingly, the complaint—which alleged only that the Prescott police patrolled Route 69—does not support a claim that Prescott could be liable for negligently maintaining it.

**Did The Complaint State a Cognizable Claim Based on a Police Officer's Alleged Failure to Report or Correct a Hazardous Road Condition?**

¶ 13 Although the allegations fail to support the McDonalds' theory that Prescott had a duty to maintain Route 69, the complaint also alleged that Prescott was liable because its police officers failed to correct or report the hazardous road condition that caused the McDonalds' injuries. Specifically, the complaint alleged that, while patrolling Route 69, the Prescott police routinely "remov[ed] dangerous conditions on the road way at or near the location of the accident ... and or inform[ed] the State of Arizona of dangerous conditions on the road way." The complaint also alleged that the piece of metal that caused the accident had been in the roadway for approximately four and one half

hours. If true, Prescott could be liable under this theory. *See Newman v. Maricopa County,* 167 Ariz. 501, 504, 808 P.2d 1253, 1256 (App.1991).

¶ 14 Although a police officer's responsibilities do not include road maintenance *per se,* Prescott, "having opted to provide police protection, had a duty to act as would a reasonably careful and prudent police department in the same circumstances." *Austin v. City of Scottsdale,* 140 Ariz. 579, 581–82, 684 P.2d 151, 153–54 (1984). This court, interpreting *Austin,* has stated:

> The supreme court's pronouncement in *Austin* was broad, as are the functions of law enforcement agencies. Crime prevention, though a primary function, is not the sole responsibility of such agencies; they *routinely perform such broader protective functions* as directing traffic, aiding motorists, assisting in medical emergencies, and investigating accidents.

*Newman,* 167 Ariz. at 503, 808 P.2d at 1255.

¶ 15 In *Black v. State,* 116 Ariz. 234, 235, 568 P.2d 1132, 1133 (App.1977), the plaintiff was injured when the van in which she was a passenger collided with a vehicle that had stalled on the slick roadway. State, county and city police had arrived approximately ten minutes before the collision. The injured passenger sued on the theory that the police officers at the scene negligently failed to warn approaching traffic of the dangerous situation. The trial court directed a verdict in favor of the defendants. The *Black* court affirmed, but did so based on the driver's uncontroverted testimony that the snowfall and slick road conditions—a danger known and obvious to all drivers in the vicinity—caused the accident, rather than a failure to warn. *See id.* at 238–39, 568 P.2d at 1136–37. Thus, the court implicitly held that, but for the lack of causation, the city could have been liable based on its police officers' alleged failure to warn of the road hazard.

¶ 16 Causation here is an open question. However, the complaint sufficiently alleged both that the accident occurred because Russell McDonald struck a piece of metal on Route 69 and that Prescott police negligently

failed to remove the piece of metal from the roadway before the accident.

¶ 17 Prescott, therefore, through its police officers, owed the McDonalds a duty "to act as would a reasonably careful and prudent police department in the same circumstances." *Austin,* 140 Ariz. at 581–82, 684 P.2d at 153–54. The conduct necessary to fulfill this duty would include taking action within a reasonable time to correct an obvious, if temporary, dangerous road hazard within the city limits. Of course, having decided that Prescott owes plaintiffs a duty, it remains for the trier of fact to determine the scope of that duty and whether Prescott's police officers were negligent under the circumstances. *See Lippincott v. State,* 162 Ariz. 171, 173, 781 P.2d 1012, 1014 (App.1989) ("If a roadway should suddenly and without fault of the governmental body, come *by any means* into a condition dangerous to travel, the governmental body is liable for damages occasioned thereby if the governmental body fails to act in a reasonably prudent manner under the circumstances.") (quoting *Walker v. County of Coconino,* 12 Ariz.App. 547, 550, 473 P.2d 472, 475 (1970) (emphasis in original)).

## CONCLUSION

¶ 18 The trial court's dismissal of the plaintiffs' negligence claim against Prescott is reversed and remanded for further proceedings consistent with this opinion.

CONCURRING: E.G. NOYES, JR., Judge, and SARAH D. GRANT, Judge.