NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MICHAEL E. COLLINS, *Plaintiff/Appellant*,

*v.*

VALLEY METRO RAIL INC., *Defendant/Appellee*.

No. 1 CA-CV 14-0360
FILED 2-24-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2014-000463
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Michael Edward Collins, Buckeye
*Plaintiff/Appellant*

Berke Law Firm PLLC, Phoenix
By Lori V. Berke, Jody C. Corbett
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

**¶1**         Michael Collins appeals from the trial court's dismissal of his complaint against Valley Metro Rail Inc. (Metro). For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**         In July 2010, Collins was arrested following an incident on the Phoenix light rail system, which is owned and operated by Metro. He was indicted on two counts of aggravated assault, and ultimately convicted of one count of aggravated assault and one count of the lesser included crime of disorderly conduct. *State v. Collins*, 1 CA-CR 11-0082, 2011 WL 6808301, at *1, ¶¶ 2, 5 (Ariz. App. Dec. 27, 2011) (mem. decision).

**¶3**         In late December 2010, prior to his criminal trial, Collins sought video footage of the incident from Metro. Although advised by the prosecutor that the footage likely no longer existed, Collins served a subpoena upon Metro requesting records and video recordings related to the incident. Collins apparently did not receive the requested video.

**¶4**         In August 2011, more than a year after the light rail incident, Collins initiated a lawsuit against Metro in the federal district court of Arizona, asserting violations of 42 U.S.C. § 1983, due process and equal protection. The district court dismissed Collins' complaint for failure to state a claim, but granted leave to amend the complaint to cure the deficiencies. In November 2011, Collins filed a two-count amended complaint which asserted Metro, among other named defendants, violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, as well as his rights under Article II, Section 4 of the Arizona Constitution. The district court again found Collins had failed to state a claim, and dismissed his amended complaint, this time with prejudice, in January 2012.

---

[1]         In reviewing a motion to dismiss, "we review the well-pleaded facts alleged in the complaint as true," *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4, 121 P.3d 1256, 1259 (App. 2005), and resolve all reasonable inferences in favor of the plaintiff. *McDonald v. City of Prescott*, 197 Ariz. 566, 567, ¶ 5, 5 P.3d 900, 901 (App. 2000). We also consider the documents attached to and referenced within the pleading, as well as public records. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, L.L.C.*, 224 Ariz. 60, 63-64, ¶¶ 10, 13, 226 P.3d at 1046, 1049-50 (App. 2010).

**¶5**   Two years later, in January 2014, Collins initiated the immediate case, filing an "intentional tort complaint" against Metro. In his complaint, Collins alleged Metro violated his right to due process under the Fourteenth Amendment to the U.S. Constitution, and Article II, Section 4, of the Arizona Constitution by withholding allegedly exculpatory evidence.

**¶6**   Metro moved to dismiss Collins' complaint on several grounds, arguing Collins' claims were barred by the statute of limitations, *res judicata*, and *Heck v. Humphrey*, 512 U.S. 477 (1994). Metro also argued the complaint failed to state a claim upon which relief might be granted. Seemingly in response to Metro's motion, Collins filed a document entitled "Motion in Limine Evidentiary, Conference, Injunctive Relief," which briefly referenced Metro's motion, but mostly re-urged his own claims and the reasons for which the trial court should grant him relief.

**¶7**   The trial court ultimately granted Metro's motion to dismiss, reasoning it was "effectively unopposed," and "appear[ed] well-founded on several grounds (including the statute of limitations and res judicata)." Collins timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] -2101(A)(1).

## DISCUSSION

**¶8**   We review the trial court's dismissal of Collins' complaint *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). We will affirm the dismissal if "'as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof.'" *Id.* at 356, ¶ 8, 284 P.3d at 867 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998)). We may also affirm the dismissal of a complaint if it is correct for any reason. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10, 322 P.3d 204, 208 (App. 2014) (citing *Dube v. Likins*, 216 Ariz. 406, 417 n.3, ¶ 36, 167 P.3d, 93, 104 n.3 (App. 2007)). Applying these principles, we conclude the trial court did not err by dismissing Collins' complaint.

---

[2]  Absent material revisions from the relevant date, we cite a statute's current version.

¶9        To the extent Collins raised a claim under 42 U.S.C. § 1983, it was properly dismissed pursuant to *Heck v. Humphrey*. According to Collins' complaint, Metro violated his state and federal due process rights by lodging a criminal complaint against him and withholding exonerating evidence, which resulted in an erroneous arrest and convictions. Under *Heck*, a § 1983 plaintiff is barred from seeking damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the conviction for which he complains "has been reversed on direct appeal, expunged by executive order, declared invalid by an [authorized] state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. As Collins' convictions remain inviolate, the trial court did not err in dismissing Collins' constitutional claims under 42 U.S.C. § 1983.

¶10       In addition, any cognizable state law claim was barred by the one-year limitations period for claims against a public entity.[3] Our legislature has provided that "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. With respect to A.R.S. § 12-821, a cause of action accrues "'when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage.'" *Dube*, 216 Ariz. at 411, ¶ 7, 167 P.3d at 98 (quoting A.R.S. § 12-821.01(B)); *see also Canyon del Rio Investors, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, 340, ¶ 16, 258 P.3d 154, 158 (App. 2011).

¶11       Here, Collins filed two "Notice of Claim[s]" in May 2011, one with the City of Phoenix and one with Maricopa County, complaining he was damaged by Metro's conduct and asserting he would settle his claim for $1.5 million. Therefore, Collins' state law claims accrued no later than May 2011, but he did not file the immediate complaint until January 2014, well over two years later. As Collins did not bring his state law claims within one year of their accrual, they are barred by A.R.S. § 12-821. Accordingly, the trial court was also correct to dismiss Collins' state law claims.

---

[3]    It is undisputed that Metro is a public entity for purposes of A.R.S. § 12-821.

**CONCLUSION**

¶12      For the foregoing reasons, we affirm the trial court's dismissal of Collins' complaint.



Ruth A. Willingham · Clerk of the Court
FILED: ama