NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EDWARD D. FITZHUGH, *Plaintiff/Appellant*,

*v.*

PRINCETON INSURANCE COMPANY, et al., *Defendants/Appellees.*

No. 1 CA-CV 18-0036
FILED 2-12-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-091953
The Honorable David M. Talamante, Judge (Retired)

**AFFIRMED**

COUNSEL

Edward D. Fitzhugh, Tempe
*Plaintiff/Appellant*

Kutak Rock, LLP, Scottsdale
By Douglas H. Allsworth, Andrew L. McNichol
*Counsel for Defendants/Appellees Princeton Insurance Company and Sedgwick
Management Services, Inc.*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Donald Wilson, Jr., Jessica J. Kokal, John C. Quinn
*Counsel for Defendants/Appellees Glynn W. Gilcrease, Jr. and Jane Doe Gilcrease*

Bonnett Fairbourn Friedman & Balint, P.C., Phoenix
By Lisa T. Hauser
*Counsel for Defendants/Appellees Jay A. Bansal and Jane Doe Bansal*

---

**MEMORANDUM DECISION**

---

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

---

**T H U M M A**, Chief Judge:

**¶1**       Plaintiff Edward D. Fitzhugh appeals from the dismissal of his tort claims against defendants Princeton Insurance Company, Sedgwick Management Services, Inc., Glynn Gilcrease and Jay A. Bansal. For the following reasons, the dismissal is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**       In April 2017, Fitzhugh filed this case asserting misrepresentation/fraud and interference with contract claims. Fitzhugh alleged that attorneys Gilcrease and Bansal represented the Patels in a personal injury/product defect case filed in 2004. Fitzhugh later agreed to represent the Patels in the 2004 case and paid Gilcrease and Bansal for their work. During his review of the file, Fitzhugh questioned whether Gilcrease and Bansal obtained a required workers' compensation assignment from Princeton, the relevant carrier. Gilcrease and Bansal originally assured Fitzhugh that the reassignment had been obtained, but later Gilcrease admitted they had not obtained a written assignment.

**¶3**       In 2009, Fitzhugh raised with the court his concerns about the assignment in the 2004 case. Princeton did not genuinely dispute that an assignment had occurred and, in a March 2009 ruling, the court concluded that, at very least, there was an oral assignment.[1]

---

[1]The court agreed Fitzhugh had an ethical duty to raise the potential reassignment issue but reported the matter to the State Bar of Arizona for possible disciplinary action. In doing so, the court noted a letter Fitzhugh sent Gilcrease and Bansal stating that, if Fitzhugh was paid $340,000, he would not raise the issue. The court also referenced two filings Fitzhugh made that "provid[ed] ammunition" for the opposing party's argument that the case should be dismissed.

**¶4**          In 2016, Fitzhugh sued Princeton and Sedgwick for abuse of process and interference with a contractual relationship. This 2016 case was dismissed as time-barred. In February 2017, Princeton and Sedgwick's new attorney allegedly informed Fitzhugh that no document exists that granted Princeton's former counsel authority to convey a verbal assignment of the Patel workers' compensation reassignment. Two months later, Fitzhugh filed this 2017 case.

**¶5**          In this 2017 case, Fitzhugh alleges the Defendants breached their ethical and legal duty to be truthful with the court about whether the reassignment existed. During the bar proceedings, Gilcrease denied he told Fitzhugh that an assignment was not obtained. Additionally, Princeton's former counsel, who is not a party to this appeal, testified he had obtained written authority from his client to convey an oral assignment but refused to produce it, citing attorney-client privilege.

**¶6**          In response, the defendants (individually or by joining other motions) moved to dismiss or sought judgment on the pleadings, arguing the claims were time-barred. *See* Ariz. R. Civ. P. 12(b) & (c) (2019).[2] Recognizing Fitzhugh's claims were governed by a two- or three-year limitations period, defendants noted the 2004 case was dismissed by the superior court in 2012, and the resulting appeal was dismissed in 2013. Fitzhugh opposed the motions, arguing the discovery rule meant his claims did not accrue until February 2017, when Princeton's current counsel told him evidence of oral assignment did not exist.

**¶7**          Concluding Fitzhugh's claims were time-barred, the superior court granted the motions. After entry of final judgment, Fitzhugh timely appealed. This court has appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶8**          Fitzhugh's opening brief fails to provide any citation to the record, in violation of Ariz. R. Civ. App. P. 13(a). As a result, Fitzhugh has waived his arguments. *See, e.g., Inspiration Consol. Copper Co. v. Ariz. Dep't of Revenue*, 147 Ariz. 216, 224 (App. 1985). Even addressing the merits of his arguments, *see Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 ¶ 7 n.2 (App. 2011), Fitzhugh's claims fail.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶9 In addressing a motion to dismiss, all well pleaded facts are accepted as true and all reasonable inferences to be drawn from those well-pleaded facts are construed in plaintiff's favor. *McDonald v. City of Prescott*, 197 Ariz. 566, 567 ¶ 5 (App. 2000). Dismissal for failure to state a claim is appropriate only if "as a matter of law . . . the plaintiff would not be entitled to relief under any interpretation of the facts." *Bunker's Glass Co. v. Pilkington PLC*, 202 Ariz. 481, 484 (App. 2002), *aff'd*, 206 Ariz. 9 (2003). This court's review is de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012).

¶10 Fitzhugh states, in passing, that "[t]he court cannot look to matters outside the complaint without transferring the motion into one for summary judgment." Fitzhugh, however, does not argue the court should have converted the motions into motions for summary judgment. Nor does the record reflect any procedural error by the superior court in addressing the motions. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63-64 ¶¶ 8, 13 (App. 2010).

¶11 Turning to whether his claims are time-barred, Fitzhugh was required to file his claims within two or three years of when they accrued. *See* A.R.S. § 12-543 (three-year limitations period "[f]or relief on the ground of fraud"); *Hullett v. Cousin*, 204 Ariz. 292, 297 ¶23 (2003) ("The statute of limitations for a negligent misrepresentation claim is two years.") (citing A.R.S. § 12-542); *Clark v. Airesearch Mfg. Co.*, 138 Ariz. 240, 243 (App. 1983) (two-year limitations period for wrongful interference with contract) (citing A.R.S. § 12-542).

¶12 Fitzhugh argues his claims are timely because he did not discover them until February 2017, meaning they did not accrue until that time. Accrual of Fitzhugh's claims is governed by the discovery rule, which provides that "a cause of action does not 'accrue' until a plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by the defendant's negligent conduct." *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 423 (App. 1987). Fitzhugh has the burden of demonstrating that the discovery rule tolls the statute of limitations. *See Ulibarri v. Gerstenberger*, 178 Ariz. 151, 155 (App. 1993).

¶13 This case, filed in 2017, stems from Fitzhugh's claim that the defendants negligently submitted false information to the superior court in 2009 and that those representations "greatly damaged [his] representation of the Patels." Fitzhugh "need not know *all* the facts underlying a cause of action to trigger accrual." *Doe v. Roe*, 191 Ariz. 313, 323 ¶ 32 (1998). Rather, the discovery rule requires a "minimum requisite of knowledge sufficient

to identify that a wrong occurred and caused injury." *Id.* In other words, Fitzhugh's claims accrued once he knew both the "who" and the "what" of his alleged injuries. *Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 182-83 (App. 1988).

¶14 Fitzhugh knew the "who" and the "what" of his alleged injuries in 2009. At that time, during a hearing in the 2004 case, he told the superior court that Gilcrease and Bansal told him there was no assignment, Gilcrease and Bansal said the assignment is reflected in a signed agreement, and Princeton's former counsel signed an affidavit stating there was an assignment agreement. Accordingly, Fitzhugh had the "minimum requisite of knowledge sufficient to identify that a wrong occurred." *Doe*, 191 Ariz. at 323 ¶ 32. As a result, because his claims had accrued in 2009 but he did not file this case until 2017, Fitzhugh's claims are time barred.

¶15 Fitzhugh takes issue with the fact that the superior court did not find a specific accrual date. In doing so, he fails to cite any authority for the proposition that, when finding a claim is untimely, the court must identify a specific accrual date. Indeed, given the applicable two- and three-year limitations periods, and that Fitzhugh filed this case eight years after 2009, there would be no need to specify an exact accrual date.

¶16 Finally, Fitzhugh asserts that equitable tolling should save his claims. Fitzhugh, however, first raised equitable tolling when moving to reconsider the grant of defendants' motions. Raising an argument for the first time in a motion to reconsider does not properly preserve the argument for appeal. *See Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240–41 ¶¶ 15–16 (App. 2006). Because Fitzhugh failed to properly raise this argument with the superior court, the issue is waived on appeal. *See, e.g., Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 541 ¶ 17 n.1 (App. 2004) ("Legal issues and arguments must be presented to the trial court and generally cannot be raised for the first time on appeal.").

¶17 Princeton and Sedgwick request their attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 as well as taxable costs on appeal. Gilcrease and Bansal request taxable costs on appeal. As applicable here, Fitzhugh's claims for misrepresentation/fraud and tortious interference with contract are not "arising out of contract" under A.R.S. § 12-341.01(A). *See Bar J Bar Cattle Co. v. Pace*, 158 Ariz. 481, 486 (App. 1988) ("The duty not to interfere with the contract of another arises out of law, not contract."). Thus, the request for an award of fees under A.R.S. § 12-341.01 is denied. Appellees are, however, awarded their taxable costs on appeal contingent upon their compliance with Ariz. R. Civ. App. P. 21.

## CONCLUSION

¶18    The order dismissing Fitzhugh's claims as time-barred is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA