408 P.2d 414

**W. R. MANNING et al., Intervenors-Appellants,**

**and**

**the City of Tucson, a municipal corporation, and James O. Nabours, as City Building Inspector of the City of Tucson, Appellants,**

**v.**

**John I. REILLY et al., Appellees.***

**No. 2 CA–CIV 3.**

Court of Appeals of Arizona.

Dec. 9, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 7141. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

**312**

Harry H. Haynes, Tucson, for intervenors-appellants.

Calvin Webster, City Atty., Jack G. Marks, Former City Atty., Enos P. Schaffer, Asst. City Atty., Tucson, for appellants.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Edward W. Scruggs, Tucson, for appellees.

HATHAWAY, Judge.

This is an appeal from a judgment entered in the Superior Court, Pima County, enjoining enforcement of a zoning ordinance of the City of Tucson as to appellees' property and directing the issuance of a building permit to appellees upon compliance with certain applicable regulations.

The appellees owned vacant land in an area newly annexed to the City of Tucson on which they wished to build and operate a mortuary and funeral home. They were unable to proceed because a zoning ordinance passed by the City Council prohibited such use. They filed suit against the City of Tucson and attacked the ordinance as being invalid because of improper enactment and because it was unconstitutional. Owners and lessees of property in the neighborhood of appellees' property intervened as defendants. The trial court held that the zoning ordinance had not been properly enacted and that it was unconstitutional.

■ At the outset we must point out that appellees were not required to exhaust their administrative remedies before seeking judicial relief, as argued by the appellants. The remedy for attacking the validity of a zoning ordinance is distinguishable from the remedy of securing a variance from a zoning board of adjustment, the former being based on right and entitling a property owner to a court trial on questions of fact while the latter remedy is based on a favor sought and assumes the validity of the ordinance. Yokley, Zoning Law and Practice, 3d ed., Vol. 2, § 18–11. Legal or constitutional questions concerning the validity of a zoning ordinance require judicial determination and are beyond the scope of an administrative body's powers and authority. Gay v. City of Lyons, 209 Ga. 599, 74 S.E.2d 839, 843 (1953); Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill.2d 370, 167 N.E.2d 406, 408 (1960). If the subject ordinance is void, the appellees should not be compelled to inferentially admit its binding force and effect by seeking administrative relief. Phipps v. City of Chicago, 339 Ill. 315, 171 N.E. 289, 292 (1930).

An Arizona municipality must comply with the following requirements of A.R.S. §§ 9–462 and 9–463 prior to enactment of a zoning ordinance:

(a) Its zoning commission must make a preliminary report recommending both the boundaries of and the regulations to be enforced in various original districts.

(b) Its zoning commission must hold public hearings on the preliminary report and then must submit its final report to the municipality's governing body.

(c) After receipt of this final report, the governing body must hold a public hearing, on 15 days published notice.

The City's planning and zoning commission held a public hearing on its preliminary report for the original zoning of the area which included appellees' land. Thereafter it submitted to the City's governing body, the City Council, a letter containing its recommendations. Appellees' land was specifically excluded from the recommendations contained in the letter which, additionally, advised the City Council of the date on which the commission would hold a hearing as to the excluded property.

■ The City Council after a duly noticed public hearing, enacted a zoning ordinance which encompassed the entire area, including appellees' land. Thereupon the commission cancelled the hearing it had scheduled as to appellees' property which had been set for a date subsequent to the day the ordinance was enacted. A.R.S. § 9–463 provides that "[t]he governing body shall not hold its public hearings or take action until it has received the final report of the commission." The City argues that the letter to the City Council constituted a final report. The general rule governing enactment of zoning ordinances is that the statutory procedure must be strictly pursued. McQuillin, Municipal Corporations, Vol. 8 § 25.58, pp. 126 and 127; see also Yokley, Zoning Law and Practice, 3d ed., Vol. 1, § 5–4. Ordinances enacted without substantial compliance with the statutory requirements are void. Williams v. City of San Bruno, 217 Cal.App.2d 480, 31 Cal.Rptr. 854, 859 (1963); Gordon v. Board of County Com'rs of County of El Paso, 152 Colo. 376, 382 P.2d 545, 548 (1963).

■■ The requirements for enacting a zoning ordinance applicable to appellees' property were not complied with. Notwithstanding the City's prerogative to disregard the report which is advisory in nature, it could not proceed without receipt of a final report containing *zoning recommendations*. As stated in Armourdale State Bank v. City of Kansas City, 131 Kan. 419, 292 P. 745 (1930):

"A preliminary consideration of a proposed change in a zoning ordinance by a competent body of disinterested persons is not a mere formality but an essential and important prerequisite to official action affecting the value and use of the private property. The power to ordain city zoning ordinances, and to amend, supplement, or change them, is not a mere perquisite attaching to the offices of the mayor and councilmen or city commissioners, to be granted or withheld at their grace or caprice. The Legislature devised what is considered an effective barrier against such a possibility when it provided that zoning matters should first be considered by an impartial body of resident taxpayers chosen for that purpose, created regularly by ordinance pursuant to the pertinent statute, or by reference of proposed zoning changes to a special committee or commission. Not otherwise did the Legislature sanction the power of enacting or amending ordinances pertaining to the zoning of the city." 292 P. at 746.

A report which in haec verba excluded appellees' property from the recommendations therein contained did not fulfill the statutory requisites. The zoning ordinance enacted by the City Council therefore could not apply to appellees' land, and the trial court properly so held.

■■ We find no merit in the contention of the appellants that the trial court erred in refusing to allow the introduction of evidence to support their claim that appellees came into court with unclean hands. The evidence was offered to prove that the appellees, prior to annexation, maneuvered certain realty purchases in the area with a view to ultimately procuring suf-

**314**

ficient signatures for a rezoning petition. The application of the "clean hands" doctrine rests in the sound discretion of the trial court, 30 C.J.S. Equity § 99a, and we find no abuse of discretion. Although the prior conduct of the appellees may have been connected with their desire to build a mortuary on their property, such conduct was not connected with the enactment of the ordinance, the subject of litigation, so as to bar relief. See Benson v. Sawyer, 216 Iowa 841, 249 N.W. 424, 428 (1933).

 In order to serve as a basis for declaratory relief, a controversy involving. a statute or ordinance must be justiciable, i. e., there must be specific adverse claims, based upon present rather than future or speculative facts, which are ripe for judicial determination. A mere difference of opinion as to the constitutionality of legislation does not afford a basis for declaratory relief. 22 Am.Jur.2d, Declaratory Judgment § 26. The appellees' property was not adversey affected by the zoning ordinance—it was not affected at all. A declaratory judgment proceeding to obtain an advisory judgment or to answer a moot or abstract question will not lie. Id., § 10. Therefore the question of the constitutionality of the ordinance cannot be in issue in this litigation.

▮▮ The granting by the trial court of injunctive relief was improper. A court of equity may not interfere with the exercise of discretionary powers vested in a municipal corporation or its officers unless they exceed the limits of those powers and fraud, malice, bad faith or other improper motives are shown, for otherwise this would be an assumption by the court of the right to exercise powers delegated only to the corporation or its officers. 43 C.J.S. Injunctions § 111; Also see 28 Am.Jur., Injunctions § 182.

The portion of the judgment holding that the zoning ordinance does not apply

to appellees' property is affirmed. However, the portion thereof which relieves appellees from compliance with the ordinance's provisions prohibiting mortuary use is reversed. It is ordered that judgment be entered for the appellees decreeing solely that the zoning ordinance does not apply to appellees' property.

KRUCKER, C. J., and MOLLOY, J., concur.

---

* This appeal was filed with the Arizona Supreme Court and assigned that court's

