MEMORANDUM **
DLC Dermacare, LLC (“Dermacare”) argues that the district court abused its discretion by finding that Dermacare was barred from enforcing non-competition clauses against First Ascent Ventures, Inc. and First Ascent Ventures Lone Tree, Inc. (collectively “First Ascent”) because Der-macare had “unclean hands.” “While we review the district court’s decision to deny permanent injunctive relief for abuse of discretion, we review de novo any legal conclusions underlying that decision.” Citizens for Clean Government v. City of San Diego, 474 F.3d 647, 650 (9th Cir.2007).
We find that the district court did not err in determining that Dermacare had unclean hands. The doctrine of unclean hands “closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.” Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). “The application of the ‘clean hands’ doctrine rests in the sound discretion of the trial court.” Manning v. Reilly, 2 Ariz.App. 310, 408 P.2d 414, 418 (1965). In order to apply the doctrine of unclean hands, the equity court must determine, based on its review of the facts, that the plaintiffs conduct was “inequitable” or “unconscionable,” and that the plaintiffs conduct “relate[d] to the very activity that is the basis of his claim.” Barr v. Petzhold, 77 Ariz. 399, 273 P.2d 161, 165-66 (1954); see also Smith v. Neely, 93 Ariz. 291, 380 P.2d 148, 149 (1963) (“The dirt upon his hands must be his bad conduct in the transaction complained of.”) (emphasis removed).
We hold that the district court’s findings of fact regarding Dermaeare’s bad conduct *62 were not clearly erroneous. The record shows that Dermacare attempted to coerce the owners of First Ascent into signing highly restrictive amendments to the franchise agreements, that Dermacare threatened the owners of First Ascent with financial ruin if they fought back, and that Dermacare generally cut off marketing support to First Ascent in an attempt to freeze it out of the business. The district court did not abuse its discretion by finding that Dermacare’s unclean actions related to Dermacare’s assertion of its light to enforce the non-compete provisions against First Ascent and that Dermacare’s bad conduct rendered such an assertion inequitable. Barr, 273 P.2d at 165-66.
Accordingly, we AFFIRM.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.