NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

U-HAUL CO. OF ARIZONA, an Arizona corporation; FREIGHT SALES, INC., an Arizona corporation dba AUDIO EXPRESS; and EDWARD SANTACRUZ, as Trustee of the Edward Santacruz and Nancy Santacruz Revocable Trust dated 10/27/94, *Plaintiffs/Appellants*,

*v.*

CITY OF TEMPE, an Arizona municipal corporation; EL FENIX, LLC, an Arizona limited liability company; EL FENIX II, LLC, an Arizona limited liability company, *Defendants/Appellees*.

No. 1 CA-CV 13-0073
FILED 4-1-2014

Appeal from the Superior Court in Maricopa County
No.  CV2011-008946
The Honorable George H. Foster, Judge

**AFFIRMED**

COUNSEL

BRYAN CAVE LLP, Phoenix
By Steven A. Hirsch, Stanley B. Lutz
*Counsel for Plaintiff/Appellant*

Tempe City Attorney's Office, Tempe
By Judith R. Baumann, Catherine M. Bowman, Clarence E. Matherson, Jr.
*Counsel for Defendant/Appellee City of Tempe*

Gammage & Burnham, P.L.C., Phoenix
By Richard K. Mahrle
*Counsel for Defendants/Appellees El Fenix*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould, and Judge Peter B. Swann joined.

---

**T H O M P S O N,** Judge:

¶1 In this appeal from a statutory special action, plaintiffs/appellants U-Haul Co. of Arizona, Freight Sales, Inc. dba as Audio Express, and Edward Santacruz (collectively Appellants) appeal from the superior court's decision in favor of defendants/appellees City of Tempe (the City), and El Fenix, LLC and El Fenix II (collectively the El Fenix entities). The court found that the City did not act in an arbitrary or capricious manner or abuse its discretion when the Tempe City Council approved a rezoning application, a General Plan Amendment, and a Planned Area Development (PAD) Overlay, dismissed two other counts alleging the City violated the gift clause of the Arizona Constitution and violated Arizona Revised Statutes (A.R.S.) § 9-402 (2008), which requires cities and towns to seek bids before selling any property, and concluded that the City's approvals conformed to the General Plan. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 U-Haul Co. and Audio Express own and operate businesses on adjoining parcels north of property owned by the El Fenix entities on Scottsdale Road in Tempe.[1] South of and adjoining the El Fenix property

---

[1] Santacruz is the Trustee of the Edward Santacruz and Nancy Santacruz Revocable Trust dated 10/27/94, which owns the property on which Freight Sales, Inc operates Audio Express.

is a sliver of land owned by the City located along the banks of Tempe Town Lake (the Sliver Parcel). The El Fenix property and the Sliver Parcel comprise the Hayden Harbor Property.

¶3 In October 2010, the El Fenix entities applied for amendments to the City's Zoning Map and General Plan, as well as a PAD overlay, in anticipation of developing seven high-density and mixed-use towers on the property. The application incorporated the Sliver Parcel into the proposed development, and the City of Tempe, as owner of the Sliver Parcel, was a co-applicant. U-Haul and Audio Express filed a legal protest against the project.[2] They raised concerns about increased traffic congestion along Scottsdale Road adjacent to their properties and claimed they would be subject to particularized harm because their property already suffered from extreme traffic congestion and vehicle stacking as well as impaired access from Scottsdale Road, in that vehicles could make only a right turn into their premises and a right turn exiting their premises traveling south and could not access the location at all traveling north. They further claimed that the project would impair their historical ingress and egress over the Fenix property to reach a signalized intersection south of their property at Playa del Norte and Scottsdale Road, noting that they had proposed they be given a perpetual easement over the El Fenix property, but that the El Fenix entities had not agreed.

¶4 The Development Review Commission held public hearings on January 25, 2011 and February 22, 2011, and the Tempe City Council held public hearings on March 10, 2011, and March 24, 2011. U-Haul and Audio Express appeared and testified at each hearing. They requested that the City require as a condition of approval that the El Fenix entities give U-Haul and Audio Express a permanent easement to allow access to their properties from the Playa del Norte intersection. The Mayor expressed concern that such a condition would convey a gift of value without compensation to the City in violation of the gift clause of the Arizona Constitution. The traffic engineer for El Fenix entities opined that the driveway U-Haul was seeking would create a potential safety hazard on the property. U-Haul asserted that granting such a condition was appropriate for the safety of the public; however, the Mayor expressed the view that the benefit sought was more for the convenience of the businesses north of the project than it was for public safety.

---

[2] When a legal protest is filed, a zoning map amendment must be passed by a three-fourths vote of the Tempe City Council. Tempe Zoning & Dev. Code § 6-502(C).

¶5        On March 24, 2011, the Tempe City Council, by a 7-0 vote, adopted Resolution No. 2011.06, amending the City's General Plan with respect to the Hayden Harbor Property from open space to mixed-use high density and passed Ordinance No. 2011.05 amending the Zoning Map to designate the Hayden Harbor Property as a Mixed-Use High Density District with a Planned Area Development Overlay (collectively the March 2011 Development Approvals). The City Council imposed certain conditions on the project, but did not impose a requirement that U-Haul and Audio Express be given an easement across the El Fenix property.

¶6        Appellants filed a special action pursuant to A.R.S. § 9-462.06(K) (2008) seeking review of the City's decision. Appellants' four-count complaint claimed that the City's decision was arbitrary, capricious and an abuse of discretion; that the City had included the Sliver Parcel in the project and bestowed on the El Fenix entities benefits in the form of tax credits, rebates, and waivers arising from a Development and Disposition Agreement (DDA) with Playa Del Norte, L.L.C., the El Fenix entities' predecessor developer, and that such benefits constituted illegal subsidies under the Gift Clause of the Arizona Constitution; that by allowing the Sliver Parcel to be incorporated into the project, the City had transferred the Sliver Parcel without competitive bidding in violation of A.R.S. § 9-402; and that the effect of the City's adoption of Resolution No. 2011.06 and Ordinance No. 2011.05 was a compensable regulatory taking of their properties. Appellants sought an injunction to enjoin enforcement of the resolution and ordinance.

¶7        The City filed a motion to dismiss Appellants' claims for violation of the Gift Clause and for failure to obtain competitive bidding before transferring the Sliver Parcel, asserting that the claims were moot or not ripe for adjudication. The City argued that the complained-of benefits in the Playa DDA expired in 2005 by the terms of the DDA itself, so any promises of benefits in that agreement were null and void, and that the Sliver Parcel could not be the subject of a Gift Clause violation because the City of Tempe still owned the property. Tempe also argued that, because the Sliver Parcel was still owned by the City, Appellants' claim that the City had transferred it without competitive bidding failed. Appellants responded that the status of the benefits under the Playa DDA was not dispositive and that the actions of the City in allowing the Sliver Parcel to be rezoned in support of the project without receiving comparable consideration supported the claim for a violation of the Gift Clause. Appellants further argued that in allowing the Sliver Parcel to be incorporated into the project, the City effectively precluded compliance

4

with the fair bidding requirement. The court granted the City's partial motion to dismiss, finding that the counts were not ripe for adjudication.

¶8            The parties submitted briefs on Appellants' claim that the City acted arbitrarily. Appellants argued among other things, that City acted improperly by being a co-applicant with the El Fenix entities. Appellants asserted that the project could not proceed without the Sliver Parcel, owned by the City, and that the City therefore had to transfer the Sliver Parcel to the El Fenix entities or enter into a joint venture agreement, but did not. Appellants contended that the City acted as a co-applicant to avoid taking the necessary proper steps to transfer the property because they were problematic. Appellants argued that by approving the redevelopment plan and the zoning under these circumstances, the City abused its discretion. Appellants further argued that the City acted arbitrarily by not mitigating the adverse impacts the project would have on U-Haul and Audio Express, particularly regarding increased traffic and lack of access to the Playa Del Norte intersection, that the March 2011 Development Approvals did not conform to the City's General Plan and did not consider the impact on the Salt River Outfall Interceptor, a regional pipeline running under a portion of the El Fenix entities' property that transports wastewater to a treatment facility, and that the City Council failed to make findings on the record as required by the Zoning Code.

¶9            The court rejected Appellants' arguments regarding the Sliver Parcel, noting that the site plan was conceptual and subject to change and concluding that the premise that the Sliver Parcel was necessary to the rezoning and to the project was not supported by any law or evidence. The court found that the City Council's decision not to impose an easement on the El Fenix entities for the benefit of Appellants was not an abuse of discretion, noting that the Council had considered the concerns regarding the traffic and recognized the negative impact, but had indicated an intent to address the concerns during the project development process. The court also found the Council had legitimate concerns regarding granting an easement from one private property owner to another private property owner without compensation. The court rejected Appellants' claim that the rezoning did not conform to the General Plan, finding that the record supported the Council's approval. The court noted, however, that the Council had not made findings on the record as required by the Tempe Zoning and Development Code, and ordered the Council to make the findings. The City Council made the findings and filed them with the court.

**¶10**            The court denied Appellants' motion for new trial, and stayed any proceedings on Appellants' claim for a regulatory taking.  The court's judgment included language pursuant to Rule 54(b), Arizona Rules of Civil Procedure.  Appellants appealed.   We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2013).

## DISCUSSION

**¶11**            Appellants first argue that the trial court erred in dismissing their claims that Tempe violated the Gift Clause and the statutory requirements for the sale of property.

**¶12**            We review a decision granting a motion to dismiss de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 7, 284 P.3d 863, 867 (2012). We accept as true the facts alleged in the complaint and will affirm the dismissal only if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof.  *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998).  We do not, however, accept as true conclusions of law or unwarranted deductions of fact.  *Folk v. City of Phoenix*, 27 Ariz. App. 146, 150, 551 P.2d 595, 599 (1976).  We resolve reasonable inferences in favor of the plaintiff.  *McDonald v. City of Prescott*, 197 Ariz. 566, 567, ¶ 5, 5 P.2d 900, 901 (App. 2000).  In reviewing the decision, we may consider documents attached to the pleading because such documents are not "outside the pleading" under Rule 12(b)(6), Arizona Rules of Civil Procedure.  *Strategic Dev. & Contr., Inc. v. 7th & Roosevelt Partners, L.L.C.*, 224 Ariz. 60, 63, ¶ 10, 226 P.3d 1046, 1049 (App. 2010).

**¶13**            Appellants' Count II alleged that the March 2011 Development Approvals violated the Gift Clause of the Arizona Constitution because of tax credits, rebates, and waivers contained in the Playa DDA and because the Approvals included the Sliver Parcel.

**¶14**            The Arizona Constitution directs that no city, town, or municipality can "give or loan its credit in the aid of, or make any donation or grant, by subsidy or otherwise, to any individual, company, or corporation."  Ariz. Const. art. 9, § 7.  A government entity violates the Gift Clause when it receives inadequate consideration for the expenditure of public funds such that the transaction constitutes a gift or subsidy to a private entity.  *Turken v. Gordon*, 223 Ariz. 342, 349, ¶ 30, 224 P.3d 158, 165 (2010).

**¶15**            Appellants argue that they adequately stated a claim for a Gift Clause violation based on the inclusion of the Sliver Parcel in the

March 2011 Development Approvals. They contend that their complaint adequately stated that the Sliver Parcel was a necessary component of the development project and that the City of Tempe received no compensation or consideration from the El Fenix Entities for using the Sliver Parcel.

¶16        The Sliver Parcel has not, however, been used in the project. As alleged by Appellants, the Sliver Parcel is owned by the City of Tempe. That ownership has not been altered by the rezoning of the parcel along with the El Fenix entities' property. Even if the Sliver Parcel is a necessary component of the project,[3] the City has not as yet transferred the Sliver Parcel to El Fenix entities. There has as of yet been no expenditure or conveyance by the City requiring consideration.

¶17        Appellants also contend that they stated a valid current claim for a Gift Clause violation based on tax credits, rebates, and waivers contained in the Playa DDA. They argue that the court wrongly considered unsupported factual allegations that the Playa DDA was void and assert that the continuing validity of the DDA is irrelevant to whether the complaint adequately stated a claim.

¶18        Appellants not only attached a copy of the Playa DDA to the complaint, but also expressly incorporated that document by reference. The court could therefore properly consider it, as it was not outside the pleadings. *See Strategic Dev. & Contr., Inc.*, 224 Ariz. at 63, ¶ 10, 226 P.3d at 1049. In Section 5.5.1 of the Playa DDA, the parties recognized that the development was economically feasible only by the City of Tempe waiving "fees for all planning and building plan check fees, excavating and grading fees, engineering fees, and building permit fees." In Section 5.5.2 the parties acknowledged that the development would be economically feasible only by the City of Tempe granting "a sales tax rebate of the City's share of construction sales taxes . . . and excise sales taxes." Both sections limited the benefits "to projects for which the City issue[d] a building permit within twenty four (24) months of the effective date" of the agreement. The date of the agreement was August 21, 2003. Appellants' complaint recognized that Playa did not develop the property. Consequently, any commitment to benefits in the form of tax

---

[3]        This assertion has been repeatedly refuted by El Fenix entities, which has stated that the drawings used for the proceedings showing use of the Sliver Parcel were conceptual only and that the project could proceed without the Sliver Parcel.

credits or fee waivers expired in August 2005 under the plain terms of the Playa DDA. Therefore, Appellants could not maintain a claim based on the waivers or tax credits included in that agreement.

**¶19** Appellants also argue that the court wrongly concluded that their claim that the City of Tempe violated A.R.S. § 9-402 was not ripe. That section provides that a city or town may sell or convey all or any part of its real or personal property, but must first issue a public invitation for bids. A.R.S. § 9-402(A), (B) (2008). Appellants contend the March 2011 Development Approvals effectively transferred control of the Sliver Parcel to the El Fenix Entities without the City of Tempe having complied with the bid requirement. Appellants acknowledge that the City of Tempe has not actually transferred the Sliver Parcel to the El Fenix entities. The Appellants assert though that the March 2011 Development Approvals have precluded fair bidding because the Sliver Parcel has been rendered useless to any potential bidder other than the El Fenix entities.

**¶20** The court properly found Appellants' claim to be premature. Because the City of Tempe has not sold or conveyed the Sliver Parcel, it cannot have violated a statute requiring bidding before a sale or conveyance. What might be done with the Sliver Parcel in the future is speculation. At this time, the failure to invite bids on property prior to a sale or conveyance cannot be a violation when no sale or conveyance has occurred.[4]

**¶21** Appellants ask this court to remand the matter with directions allowing them to amend their complaint. Appellants' claims of violations of the Gift Clause and of § 9-402 are not susceptible to amendment. They are based either on a transfer of the Sliver Parcel, which has not occurred, or on benefits provided in the Playa DDA, which have expired. Amendment under these circumstances would be futile. *See Bishop v. State*, 172 Ariz. 472, 474-75, 837 P.2d 1207, 1209-10 (App. 1992) (court does not abuse discretion in denying a motion to amend where amendment would be futile).

---

[4] The City also argues that, as a Charter City, it is not subject to the requirements of A.R.S. § 9-402. *See City of Tucson v. Arizona Alpha of Sigma Alpha Epsilon, Inc.*, 67 Ariz. 330, 335, 195 P.2d 562, 565 (1948). Because we find that the statute is inapplicable because Tempe has not conveyed the Sliver Parcel, we do not address this alternative argument.

¶22        Appellants assert several bases on which it argues that the Tempe City Council acted arbitrarily and capriciously with respect to the March 2011 Development Approvals.

¶23        In making zoning decisions, a municipal body acts in a quasi-administrative and legislative role. *Town of Paradise Valley v. Gulf Leisure Corp.*, 27 Ariz. App. 600, 605, 557 P.2d 532, 536 (1976). In reviewing such decisions, courts are limited to determining whether the decision is arbitrary or capricious, or an abuse of discretion. *Murphy v. Town of Chino Valley*, 163 Ariz. 571, 574, 789 P.2d 1072, 1075 (App. 1989). The reviewing court cannot substitute its opinion for that of the municipal body. *Id*. If credible evidence supports the decision, the decision must be affirmed. *Austin Shea (Arizona) 7th St. & Van Buren, L.L.C. v. City of Phoenix*, 213 Ariz. 385, 392, ¶ 29, 142 P.3d 693, 670 (App. 2006).

¶24        Appellants contend that the City improperly acted as a co-applicant with the El Fenix entities.[5]  They argue that the project cannot be built without the Sliver Parcel, that the City was therefore required to transfer the Sliver Parcel to the El Fenix entities, and that because the means of transferring the Sliver Parcel would run afoul of the Gift Clause and A.R.S. § 9-402, the City acted as co-applicant to allow the El Fenix entities to obtain rezoning for the project.

¶25        Appellants' argument is based on the faulty premise that the Sliver Parcel was necessary to the project. Even if the parties intend that it become part of the development, the testimony before the City Council was clear that the development proposal at this stage is conceptual only. The representative for the El Fenix entities told the City Council that they were at the beginning of the planning process, that they were not sure what the site plan would be, and that as they moved forward they would determine where the buildings would be placed. The record does not

---

[5]        The City argues that Appellants have waived this issue by not raising it before the City Council. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 772 (App. 2000) (appellate court generally does not consider issues raised for the first time on appeal). Appellants, however, were not required to raise the matter before the City Council before challenging the ordinance in court. *See Manning v. Reilly*, 2 Ariz. App. 310, 313, 408 P.2d 414, 417 (App. 1965) (one need not exhaust administrative remedies to challenge an invalid zoning ordinance). Appellants did raise the issue in superior court.

support the assertion that the project cannot proceed without the Sliver Parcel.

¶26       Furthermore, the City still owns the Sliver Parcel, and Appellants offer no authority to suggest that the City cannot apply to have its own property rezoned, whether it does so independently or in conjunction with another applicant.

¶27       Appellants further argue that the City acted arbitrarily and capriciously by failing to require the El Fenix entities to give them an easement across the El Fenix property as a condition of approving the March 2011 Development Approvals.  Appellants had raised concerns about increased traffic congestion on Scottsdale Road with cars stacking up in front of their properties.  They sought to have permanent access across the El Fenix property to reach a traffic light at Playa Del Norte and Scottsdale Road south of Appellants' property.[6]  The City Council did not impose the requested condition for an easement.   The Council did not abuse its discretion.

¶28       Section 6-601 of the Tempe Zoning and Development Code provides:

> The decision-making body may impose conditions on any approval.  Such conditions shall be designed to implement the requirements of this Code, protect the public from potential adverse impacts from the proposed use or development, or to fulfill an identified need for public services.

Under this provision, the City Council may impose conditions on approval but is not required to do so.

¶29       The provision is intended to apply to protect the public from negative impacts from a development.  Despite Appellants' assertion that the City Council acted arbitrarily in not imposing the condition in light of the potential drastic impact of the project on the traveling public, Appellants do not explain how the easement they requested would ease the anticipated traffic congestion or benefit any members of the public

---

[6]       Although Appellants refer to being allowed "continued" access across the El Fenix property, they have no actual easement and have not asserted prescriptive rights.

other than their businesses and their customers. The Mayor recognized this discrepancy, noting that traffic studies showed only twenty or thirty vehicles entering and exiting the U-Haul property per day, expressing skepticism that the easement would change the traffic congestion in any way, and concluding that the requested easement would provide value to U-Haul and Audio Express only. Both the Mayor and another councilman expressed concern about imposing a condition on one private party for the benefit of another private party. The Mayor also suggested that a more appropriate time to address and resolve traffic issues would be at a future date when an actual design for construction on the site was being prepared.

¶30        In addition, the traffic consultant for the El Fenix entities acknowledged that traffic was congested and that the development would have a major impact on future traffic conditions at three intersections in the area, including the intersection at Playa Del Norte and Scottsdale Road. That consultant also testified, however, that the easement requested by Appellants would create a potential safety hazard because vehicles traveling on the proposed easement would have to join an existing queue at the development's driveway waiting for the light at the intersection.

¶31        The record here contains evidence to support the City Council's decision to not impose an easement on El Fenix entities for the benefit of Appellants. The City therefore did not abuse its discretion in denying Appellants' request.

¶32        Appellants also argue that the City Council failed to consider the impact of the proposed development on the Salt River Outfall (SRO) Interceptor, a pipeline located on the Hayden Harbor Property and operated by the Subregional Operating Group (SROG). This claim lacks merit.

¶33        The March 2011 Development Approvals included seven conditions, one of which provided:

> Prior to final acceptance of the request to relocate the Salt River Outfall (SRO) Interceptor and its easement, located near the northwest portion of the property, the Sub-Regional Operating Group (SROG) Advisory Committee of the Joint Municipal Water Reclamation System shall review the request to make a determination of approval on any changes related to the interceptor. This approval shall be completed

> prior to issuance of any building permits which may affect the area within the easement of the SRO Interceptor.

Clearly, the City Council considered the SRO Interceptor and addressed any concerns by requiring approval by SROG before the City will issue building permits on any project.

¶34 Appellants also argue that the City Council abused its discretion because it failed to make required findings under the City's Zoning and Development Code. Under Section 6-502(B), "findings of fact justifying the decision shall be noted for the record." Tempe Zoning & Dev. Code § 6-502(B). A zoning ordinance enacted without substantial compliance with statutory requirements is void. *Manning v. Reilly*, 2 Ariz. App. 310, 313, 408 P.2d 414, 417 (App. 1965).

¶35 The City Council here failed to make findings at the time of its decision. The Council did, however, comply with the substantive requirements of § 6-502. The Council conducted public hearings, gave the applicants the opportunity to explain the project, gave the protestors the opportunity to explain their opposition, applied the appropriate standard requiring a three-fourths majority for approval because of the legal protest, and rendered its decision. Tempe Zoning & Dev. Code 6-502(A), (B), (C). Although the City Council failed to make the required findings for the record at the time, it has since done so, and Appellants have raised no argument finding fault with those findings. Given the Council's compliance with the procedural requirements in the conduct of the hearings, we view the failure to make its findings at the time of the hearing to be a technical failure, now remedied, that does not require finding the ordinance void.

¶36 Appellants also argue that the March 11 Development Approvals do not comply with the City's General Plan and therefore the City Council abused its discretion in adopting them. They also contend that the rezoning violates the policies and intent behind the General Plan.

¶37 The Tempe Zoning and Development Code provides that no General Plan Amendment shall be approved unless it substantially conforms to the following criteria:

1. Appropriate short and long term public benefits;

2. Mitigate impacts on land use, water infrastructure of transportation;

3.     Helps the city attain applicable objectives of the General Plan;

4.     Provides rights-of-way, transit facilities, open space, recreational amenities or public art;

5.     Potentially negative influences are mitigated and deemed acceptable by the City Council; and

6.     Judgment of the appropriateness of the amendment with regard to market demands, and impacts on surrounding area, service, fiscal, traffic, historic properties, utilities and public facilities.

Tempe Zoning & Dev. Code § 6-302(D). Without elaborating, Appellants assert that the March 2011 Development Approvals do not substantially conform to any of these criteria.

¶38          According to the development plan presented to the Council, the completed project, on land currently vacant, would stimulate the economy of the area. A development including office space, shops, restaurants, and entertainment facilities would increase demand for commercial services on and off-site, increasing the City's tax base. The project intended to provide access to the open space and recreational amenities of Town Lake and to create a garden-like environment with pockets of open space. These features conform to the stated criteria.

¶39          In addition, the Tempe General Plan 2030, adopted in 2003, projected that the area in question would be mixed-use. The Staff Summary Report (SSR) for the City Council's March 24 hearing noted that the requested amendments would more accurately align the properties intended for development from those properties intended to be open space, consistent with the General Plan. In explaining why the rezoning would be in the public interest and why it would conform to and facilitate the General Plan, the SSR stated that the rezoning would be consistent with the General Plan Land Use maps and provide the property with necessary infrastructure and improvements that benefit Tempe's goal for development around Town Lake. In recommending approval of the General Plan Amendment, Zoning Amendment, and PAD Overlay, the SSR expressly found that the request met the criteria. Specifically, the SSR found that the project met the Projected Land Use and Projected Residential Density for the site under the General Plan and that the Zoning Amendment was compatible with similar projects around the Tempe Lake vicinity.

13

¶40        The record contained adequate evidence from which the City Council could conclude that the requested amendments were consistent with the General Plan.  This court is not in a position to second guess the City in making such a decision.  *See Murphy*, 163 Ariz. at 574, 789 P.2d at 1075.

¶41        Appellants also assert that, because the project was not intended to begin vertical construction until 2015, the City Council's decision violated a development policy for the Rio Salado Specific Area Plan, which provided:

> Land speculation is strongly discouraged.  Developers should be prepared to begin substantial (i.e. vertical) construction of at least the first phase of any project within two years of Council approval.

The City Council imposed a condition on the El Fenix entities requiring them to complete a building permit application by February 24, 2015, with the intent to commence construction, or the zoning could revert back to open space.  The Council thereby allowed the El Fenix entities two years longer than the policy indicates.

¶42        The policy does not impose a mandatory deadline requiring developers to build within two years; rather it states that applicants "should be prepared" to build within two years.  The policy also does not constrain the City Council from modifying the deadline.  The Council here was advised that the Rio Salado Specific Area Plan applied, as evidenced by a copy of the policies being included in the SSRs for both the March 10 and March 24 hearings before the City Council.  Although it does not appear that the policies were discussed at either hearing, the Mayor noted in another context that funding for the project in the existing economy would be difficult.  He also noted that the owners were attempting to bring the property out of a bad financing situation involving bankruptcy so they could move forward toward development, which would benefit the community.  We cannot find that the City Council's decision to allow time in excess of the Rio Salado Specific Area Plan policies was an abuse of discretion.

**CONCLUSION**

¶43        We affirm the superior court's dismissal of Appellants' claims for violation of the Gifts Clause and for failing to invite bids for the sale of the Sliver Parcel.  Appellants' claims fail because the City did not transfer the property and because the alleged gifts under the Playa DDA

have expired. We find no abuse of discretion in the City Council's approval of the General Plan Amendment, the Zoning Amendment, and the PDA Overlay. We further find that the record supports the conclusion that the March 2011 Development Approvals conform to the General Plan. The superior court's ruling is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: MJT