NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ARLO G. DAVIS, et al., *Plaintiffs/Appellants*,

*v.*

CITY OF PRESCOTT, a body politic and corporate, *Defendant/Appellee*.

No. 1 CA-CV 25-0105

FILED 01-29-2026

Appeal from the Superior Court in Yavapai County
No. S1300CV202400683
The Honorable Tina R. Ainley, Judge

**VACATED AND REMANDED**

COUNSEL

Musgrove Drutz Butner & Gautreaux, PC, Prescott
By Mark W. Drutz, Jeffrey D. Gautreaux
*Counsel for Plaintiffs/Appellants*

Sims Mackin LTD, Phoenix
By Kristin M. Mackin
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Andrew M. Jacobs joined.

---

**C A T L E T T**, Judge:

¶1 Arlo and Karen Davis (collectively, "the Davises"), appeal the superior court's orders dismissing their claim for declaratory relief against the City of Prescott ("the City") and denying leave to amend their complaint. We vacate the judgment and remand.

## FACTS AND PROCEDURAL HISTORY

¶2 When reviewing an order granting a motion to dismiss, we assume the facts in the complaint are true. *Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 9 (2012).

¶3 The Davises, through a trust, own a home located in the City. Michael and Donna Odle, also through a trust (collectively, "the Odles"), own a property neighboring the Davises' property. The City's Land Development Code ("the Code") applies to the Odles' property.

¶4 In December 2023, the Davises realized the Odles were constructing a home and garage the Davises believed violated the Code's setback requirements. Seven months later, the Davises sued the City for declaratory relief. They alleged the City violated the Code because the Odles' home is not set back at least 25 feet from its front lot line. The Davises claimed this caused the Odles' home and garage to be too close to the Davises' home and patio, which interferes with the Davises' peace and privacy and negatively impacts their view.

¶5 The City moved to dismiss, arguing the Davises did not raise a justiciable controversy or exhaust administrative remedies. The Davises responded to the motion and sought leave to amend their complaint to sue the City for negligence. The City argued the court should deny the Davises leave to amend based on qualified immunity.

¶6 The superior court dismissed the complaint without prejudice, concluding the Davises did not exhaust their administrative remedies. It also denied the Davises leave to amend because amending

would be futile. The court thought the proposed amended complaint did not sufficiently allege gross negligence or intent to cause injury to overcome qualified immunity. The Davises timely appealed.

## JURISDICTION

**¶7** Neither party challenges our jurisdiction, but we must independently determine that we have jurisdiction. *Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997).

**¶8** The superior court dismissed the complaint without prejudice, but it also certified its order as final. *See* Ariz. R. Civ. P. 54(c). Usually, we lack jurisdiction to review a dismissal without prejudice. *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74 ¶ 4 (App. 2009). And including Rule 54(c) language "does not render an otherwise non-appealable order or judgment appealable[.]" *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426 ¶ 6 (App. 2016). But in this case, the court fully resolved the Davises' complaint. Although the judgment said it was "without prejudice"—likely so the Davises could pursue administrative remedies—it fully and finally resolved their declaratory judgment claim. And a denial of leave to amend is appealable when the court enters a final judgment. *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 596–97 (App. 1991). We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶9** The Davises argue the superior court erred by dismissing their complaint and then denying leave to amend it.

### I. Motion to Dismiss

**¶10** We review de novo the dismissal of a complaint under Rule 12(b)(6). *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021).

#### A. Exhaustion

**¶11** The Davises contend the superior court erred by dismissing their complaint for failure to exhaust. The allegations in the Davises' complaint, when taken as true, do not establish that they failed to exhaust available administrative remedies, so the superior court indeed erred.

**¶12** Generally, Arizona law requires a party to exhaust available administrative remedies "before appealing to the courts." *Southwest Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, 442 ¶ 12 (App. 2001)

(internal citation omitted). Doing so promotes judicial economy and avoids premature judicial intervention. *Moulton v. Napolitano*, 205 Ariz. 506, 511 ¶ 9 (App. 2003). It also allows an "administrative agency to perform functions within its special competence[.]" *Id.* (internal citation omitted).

**¶13** But failure to exhaust is an affirmative defense. *See Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 420 ¶ 12 (2022). To raise that defense through a motion to dismiss, the facts necessary to establish it "must appear in the complaint." *Shepherd*, 250 Ariz. at 514 ¶ 16. Arizona is a notice pleading state—a complaint need not "set forth every fact that may be associated with a claim," *id.* at 514 ¶ 14, or anticipate affirmative defenses, *id.* at 514 ¶ 15.

**¶14** The City has not answered the Davises' complaint, so it has not yet interposed any affirmative defenses. The Davises were not required to anticipate that the City would raise exhaustion as a defense and then plead around it. *Id.* Plus, in granting the City's motion, the superior court relied on information outside the complaint without treating the motion as requesting summary judgment. *See* Ariz. R. Civ. P. 12(d). It is not clear at all from the Davises' complaint that, as non-parties to a building permit, they had a viable administrative remedy to appeal its issuance. Because it is not evident from the face of the Davises' complaint that they failed to exhaust a viable administrative remedy, the superior court erred in granting the City's motion to dismiss. *See Shepherd*, 250 Ariz. at 514 ¶ 16.

### B. Justiciability

**¶15** The City also moved to dismiss on grounds the Davises did not raise a justiciable controversy. The superior court did not address this argument, instead dismissing for failure to exhaust. But we have rejected the City's exhaustion argument, so we address justiciability.

**¶16** Arizona's Uniform Declaratory Judgment Act (the "UDJA") allows a court to determine a person's "rights, status or other legal relations" under a municipal ordinance. A.R.S. § 12-1832. Under the UDJA, a controversy involving a municipal ordinance is justiciable when there are "specific adverse claims, based upon present rather than future or speculative facts, which are ripe for judicial determination." *Manning v. Reilly*, 2 Ariz. App. 310, 314 (1965); *Mills*, 253 Ariz. at 423–24 ¶ 25 (a claim is justiciable under the UDJA when facts in a complaint "'show a present existing controversy which permits the court to adjudicate any present rights[.]'" (quoting *Moore v. Bolin*, 70 Ariz. 354, 358 (1950)).

4

¶17 The Davises alleged the City violated the Code when it issued a building permit allowing the Odles to erect structures not setback at least 25 feet from the front lot line of the Odles' property. They alleged that permit and the resulting construction are harming them because the new structures negatively impact the view from their patio and interfere with privacy, peace, and quiet in their home. These allegations of direct and ongoing harm as neighboring property owners create a present controversy between the Davises and the City sufficient for justiciability under the UDJA. *Manning*, 2 Ariz. App. at 314; *Mills*, 253 Ariz. at 423–24 ¶ 25. But to be clear, we take no position on the merits of the Davises' declaratory judgment claim.

## II. Leave to Amend

¶18 The Davises also maintain the superior court erred by denying leave to amend their complaint to add a negligence claim on grounds that doing so would be futile. We review the denial of leave to amend for an abuse of discretion, *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 292 ¶ 25 (App. 2010), but we consider de novo whether a request to amend is futile. *Ute Mountain Ute Tribe v. Ariz. Dep't of Revenue*, 254 Ariz. 410, 416 ¶ 22 (App. 2023). Generally, denying leave to amend is an abuse of discretion when a party "merely seeks to add a new legal theory." *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996).

¶19 The Davises sought to amend their complaint to add a new legal theory that the City negligently issued the Odles a building permit. Arizona law grants public entities and employees qualified immunity for the issuance of "any permit, license, certificate, approval, order or similar authorization" unless they "intended to cause injury or [were] grossly negligent." A.R.S. § 12-820.02(A)(5). The superior court denied leave to amend on futility grounds, concluding the Davises' new allegations did not overcome qualified immunity.

¶20 But qualified immunity under § 12-820.02 is also an affirmative defense. *See City of Yuma v. Evans*, 85 Ariz. 229, 233 (1959) (referring to "governmental immunity" as a "defense[]" that "must be specially pleaded in order to be available"). Like with administrative exhaustion, the Davises were not required to anticipate the City's qualified immunity defense and plead around it in their proposed amended complaint. *See Shepherd*, 250 Ariz. at 514 ¶ 15. This is particularly true because the difference between ordinary negligence and gross negligence largely turns on intent. Negligence occurs when one fails to act as a reasonable person would. *Weatherford ex rel. Michael L. v. State*, 206 Ariz.

529, 535 ¶ 20 n.4 (2003). Gross negligence occurs when one acts with reckless indifference. *Roebuck v. Mayo Clinic*, ___ Ariz. ___, ___, 575 P.3d 375, 383 ¶ 18 (2025); *see also id.* ¶ 19 ("[G]ross negligence adds a quasi-intent element by requiring a showing that the defendant acted with reckless indifference."). The facts contained in the Davises' proposed amended complaint do not negate the possibility that, when granting the Odles a building permit, the City acted with reckless indifference. Even when a claimant must allege facts with specificity, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Ariz. R. Civ. P. 9(b). So the superior court erred by refusing the Davises leave to amend on grounds they did not allege facts showing the City acted with a particular intent.

**¶21** We take no position on the merits of the Davises' amended complaint, including whether it otherwise sufficiently pleaded a negligence claim against the City. The City may argue on remand that the amended complaint fails to state a claim for relief, but those arguments must rely on facts in the amended complaint, not on future affirmative defenses the City might assert. *See Shepherd*, 250 Ariz. at 514 ¶¶ 14–16.

## CONCLUSION

**¶22** We vacate the judgment and remand for further proceedings. The Davises request attorney fees on appeal under A.R.S. § 12-341.01, which allows fees when a party is successful in an action "arising out of contract." We deny that request because this is not an action arising out of contract. We grant the Davises' costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR